## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00869-SCT

*AARON N. RAY AND MARY LOU RAY*

*v.*

*TOWER LOAN OF MISSISSIPPI, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/97 |
| TRIAL JUDGE: | HON. MELVIN McCLURE |
| COURT FROM WHICH APPEALED: | TATE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | CHARLES M. MERKEL |
| | JACK R. DODSON, JR. |
| ATTORNEY FOR APPELLEE: | JOHN T. LAMAR, JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 01/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The course of the proceedings in this case are quite complex due to several transfers between chancery and circuit court over the course of six (6) years.

¶2. The Appellants, Aaron N. Ray and Mary Lou Ray (hereinafter "the Rays"), filed suit in the Tate County Circuit Court on October 1, 1991, alleging intentional misrepresentation and negligent misrepresentation during a land transaction with the Appellee, Tower Loan of Mississippi, Inc., (hereinafter "Tower Loan"). However, the case was not scheduled for trial until February 14, 1994. On December 21, 1993, counsel for Tower Loan moved the court to transfer the cause to the Chancery Court of Tate County. Tower Loan made the motion on the grounds that, in addition to the Rays' tort claims, they had pled, alternatively, that a mutual mistake had been made and that the deed should be rescinded. The Court granted Tower Loan's motion on February 4, 1994.

¶3. After the Circuit Court transferred the case to the Chancery Court, the Rays moved to amend their

complaint to remove their request for equitable relief and to transfer the action back to Circuit Court. The Chancellor permitted the Rays to amend and ordered the action transferred back to Circuit Court on August 16, 1994. The Chancellor also dismissed the Rays' alternative claim for mutual mistake and recission with prejudice.

¶4. On August 24, 1994, Tower Loan petitioned for permission to file an interlocutory appeal of the Chancellor's order transferring the action to Circuit Court. The Chancellor denied the petition on September 1, 1994. Tower Loan then petitioned this Court for permission to file an interlocutory appeal and again was denied by an order of this Court.

¶5. The record reflects that the order we issued was unclear as to where the case should be heard. On November 15, 1995, after some dispute between the parties and the Chancellor as to the meaning and effect of our order, the Rays made a motion for clarification. In response, we held that the case should be heard in the Chancery Court.

¶6. On January 26, 1996, Chancellor Dennis M. Baker recused himself and transferred the matter to Chancellor Melvin McClure, Jr., for hearing and conclusion. Nearly six (6) years after the complaint was filed, the case proceeded to trial on May 1, 1997. After hearing the testimony of the witnesses, reviewing the exhibits and hearing the arguments of counsel, the Chancellor found no intentional or negligent misrepresentation. Instead he ordered, the deed to be rescinded.

¶7. On May 27, 1997, the Rays then moved for a new trial or to amend the judgment to award pre-judgment interest. The court denied the motion on June 23, 1997. Aggrieved by the decision of the Chancellor, the Rays appeal to this Court raising the following issues:

> **I. WHETHER THE CHANCELLOR ERRED IN RULING THAT TOWER LOAN DID NOT INTENTIONALLY MISREPRESENT THE AMOUNT OF LAND INVOLVED AND THE STATE OF TITLE TO THE PROPERTY WHICH IS THE SUBJECT OF THIS ACTION.**

> **II. WHETHER THE CHANCELLOR ERRED IN RULING THAT TOWER LOAN DID NOT NEGLIGENTLY MISREPRESENT THE AMOUNT OF LAND INVOLVED AND THE STATE OF TITLE TO THE PROPERTY WHICH IS THE SUBJECT OF THIS ACTION.**

> **III. WHETHER THE CHANCELLOR ERRED IN FAILING TO AWARD INTEREST TO THE RAYS ON THE AMOUNT OF THEIR INVESTMENT AFTER ORDERING RECISSION OF THE DEED TO THE PROPERTY.**

> **IV. WHETHER THIS CASE SHOULD BE REMANDED TO THE TATE COUNTY CIRCUIT COURT FOR RETRIAL INSTEAD OF THE TATE COUNTY CHANCERY COURT.**

¶8. The record indicates that the chancellor below rendered a decision which was based on substantial evidence and was not manifest error. As a result, the chancellor's decision is affirmed.

## STATEMENT OF THE FACTS

¶9. On December 21, 1989, Tower Loan advertised in the <u>Tate County Democrat</u>, that it was offering 14.8 acres of land for sale. Tower Loan had previously acquired the property through foreclosure. The land had been pledged as security for a loan from Tower Loan to Mrs. Ethel Milam, who owned a one-half ( ½ ) undivided interest in the property. The other one-half (½) undivided interest was owned by Milam's stepson, Christopher Chew.

¶10. The advertisement read as follows:

1975 Mobile Home, 12 x 65, with 14.8 acres of land, located in the Independence area . . . .

¶11. In response to this ad, Aaron Ray called the Tower Loan office in Senatobia, Mississippi, and spoke with Janice Stull (hereinafter "Stull"), the office manager and the one who had placed the ad. Ray then drove to Stull's office where he obtained directions to the property and a piece of paper with a legal description of the property.

¶12. Upon examining the property, Ray found that it had a nice stand of pine trees and he was satisfied with it. However, he found the mobile home, which was not actually situated on the 14.8 acres, to be worthless as it was in a severe state of decay.

¶13. The parties offered conflicting testimony hereafter concerning the property transaction.

¶14. Tower Loan testified that on January 19, 1990, the Rays purchased the property from Tower Loan for $6100. At that time, Stull gave a quitclaim deed to the Rays along with a certificate of title which reflected Christopher Chew's one-half (½) interest in the property. The Rays claimed that they did not inspect the certificate of title, but relied on Tower Loan's assertion that the property had good title.

¶15. Shortly thereafter, in March of 1990, the Rays decided to offer a small part of the land for sale as a house lot. Aaron Ray testified that when the "For Sale" sign was put up, he received a call on his answering machine from someone in the Chew family informing him that only ½ of the property belonged to him. Shortly thereafter, Ray received a call from the county administrator in Hernando regarding the title to the property. Ray claims that he called Stull more than ten (10) times concerning his interest in the property, but that Stull never advised him that he had only purchased only a one-half (½) interest in the land.

¶16. Finally, shortly after August 22, 1990, the Rays received a letter from Tollison Law Firm in Oxford, Mississippi, advising them that they did not have a full interest in the property.

¶17. In response, the Rays filed a tort action alleging misrepresentation on the part of Tower Loan. The chancellor below found that the Rays' claims were without merit, but ordered the deed rescinded as an equitable remedy. It is from this judgment that the Rays appeal to this Court.

**DISCUSSION OF THE ISSUE**

**Standard of Review**

¶18. In *Smith*, we restated this Court's well-settled standard for reviewing the findings of a chancellor as follows:

This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal

standard was applied.

*Smith v. Jones*, 654 So. 2d 480, 485 (Miss. 1995) (citations omitted). *See also Ferguson v. Ferguson*, 639 So. 2d 921 (Miss. 1994); *Faries v. Faries*, 607 So. 2d 1204, 1208 (Miss. 1992).

¶19. In other words, "[o]n appeal [we are] required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." *Newsom v. Newsom*, 557 So. 2d 511, 514 (Miss. 1990).

> **I. WHETHER THE CHANCELLOR ERRED IN RULING THAT TOWER LOAN DID NOT INTENTIONALLY MISREPRESENT THE AMOUNT OF LAND INVOLVED AND THE STATE OF TITLE TO THE PROPERTY WHICH IS THE SUBJECT OF THIS ACTION.**

> **II. WHETHER THE CHANCELLOR ERRED IN RULING THAT TOWER LOAN DID NOT NEGLIGENTLY MISREPRESENT THE AMOUNT OF LAND INVOLVED AND THE STATE OF TITLE TO THE PROPERTY WHICH IS THE SUBJECT OF THIS ACTION.**

> **III. WHETHER THE CHANCELLOR ERRED IN FAILING TO AWARD INTEREST TO THE RAYS ON THE AMOUNT OF THEIR INVESTMENT AFTER ORDERING RECISSION OF THE DEED TO THE PROPERTY.**

¶20. A thorough review of the record shows that the learned chancellor's decision was not erroneous as it was based on substantial evidence. The chancellor considered all of the evidence and made a reasonable determination based on the facts of the case. The record clearly indicates that the Rays were aware, or should have been aware, of the competing one-half (½) interest held by the Chews. Aaron Ray was advised by a friend in the real estate business, Rita Johnson, that a quitclaim deed did not guarantee him a good title and that he should get an attorney to inspect the title. Aaron Ray even testified that Chew's name was listed on the certificate of title given to Ray by Stull at the time the land was purchased. The court below, therefore, did not abuse its discretion when it failed to find negligent or intentional misrepresentation on the part of Tower Loan. Additionally, even though there was no evidence of wrongdoing on the part of Tower Loan, the chancellor exercised his right to fashion an equitable remedy by rescinding the deed and releasing the Rays from their prior obligations concerning the property. Finally, the chancellor was well within his discretion when he decided not to award interest to the Rays.

¶21. Therefore, this Court holds that the Rays' assignments of error above are without merit and accordingly denied.

> **IV. WHETHER THIS CASE SHOULD BE REMANDED TO THE TATE COUNTY CIRCUIT COURT FOR RETRIAL INSTEAD OF THE TATE COUNTY CHANCERY COURT.**

¶22. As the chancellor did not commit any error in determining the outcome of this case, there are no grounds for reversal. As a result, this issue is moot and should be denied.

## CONCLUSION

¶23. The record indicates that the chancellor below rendered a decision which was based on substantial evidence and was not erroneous. As a result, the chancellor's decision is affirmed.

¶24. **JUDGMENT IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**